## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EDWARD SCOTT BECHTEL,<br><br>     Petitioner,<br><br>v.<br><br>DORA B. SCHRIRO and<br>ARIZONA ATTORNEY GENERAL,<br><br>     Respondents. | CV 06-0037 PHX ROS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

On January 4, 2006, Petitioner filed a pro se petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on March 13, 2006.  Docket No. 12. Respondents assert that the action for habeas relief was not timely filed and that Petitioner's federal habeas claims were not properly exhausted in the Arizona state courts and are procedurally defaulted and, therefore, that the petition must be denied and dismissed with prejudice.  Petitioner filed a Reply to Answer to Petition for Writ of Habeas Corpus on April 11, 2006.  Docket No. 15.

**I Procedural History**

In 1987 Petitioner was indicted on three counts of sexual assault, two counts of kidnapping, and one count of theft. Answer, Exh. A. A jury found Petitioner guilty of two counts of sexual assault, two counts of kidnapping, and one count of theft. Id., Exh. B. On July 22, 1988, Petitioner was sentenced to consecutive terms of 10 1/2 years imprisonment on each of the convictions for sexual assault and kidnapping, and a concurrent term of 7 1/2 years imprisonment for theft. Id., Exh. C.

Petitioner filed a timely direct appeal on August 11, 1988. Id., Exh. D. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a decision issued April 17, 1990. Id., Exh. F. Petitioner sought reconsideration of this decision, which was denied on June 8, 1990. Id., Exh. H. Petitioner sought review of the Court of Appeals' denial of relief, and the Arizona Supreme Court denied the petition for review on February 14, 1991. Id., Exh. K.

Petitioner filed an action for post-conviction relief on May 16, 1997. Id., Exhs. L & M. The trial court dismissed the petition on June 30, 1997. Id., Exh. N. Petitioner filed a further pleading in this action on February 23, 1998, which the trial court dismissed on March 25, 1998, noting its prior dismissal of Petitioner's action for post-conviction relief and that any new claims for relief were precluded because Petitioner had not raised them in his direct appeal or in his action for post-conviction relief. Id., Exh. P.

Petitioner sought review of the trial court's denial of relief by the Arizona Court of Appeals on May 11, 1998. Id., Exh. Q.[1]  The appellate court determined that the trial court erred by dismissing Petitioner's first action for post-conviction relief without appointing counsel to represent Petitioner in that matter.  Id., Exh. T.  The matter was remanded to the Arizona Superior Court, which appointed counsel for Petitioner on February 8, 2000. Id., Exh. T.

On December 19, 2000, Petitioner's counsel notified the court that he could find no meritorious issues to raise on Petitioner's behalf in addition to those raised in Petitioner's pro per petition. Id., Exh. U.  Petitioner filed a pro per supplemental petition for relief on September 26, 2001. Id., Exh. V.  The Arizona Superior Court conducted an evidentiary hearing regarding Petitioner's claims for relief. Id., Exh. W. The trial court denied the petition for post-conviction relief in a decision issued April 29, 2002. Id., Exh. W.  Petitioner filed a timely appeal of this decision, which appeal was denied by the Arizona Court of Appeals on October 20, 2003. Id., Exh. Y.

On January 13, 2005, Petitioner filed an action for state habeas corpus relief in the Arizona Superior Court. Id., Exh. Z.  The court construed the action as one seeking post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal

---

[1] Petitioner also initiated a second action for post-conviction relief in the Arizona trial court on May 11, 1998, which was dismissed on July 21, 1998. Answer, Exh. S.

-3-

Procedure, and denied the petition on January 27, 2005. Id., Exh. AA. Petitioner sought a rehearing regarding this decision, which was denied on February 25, 2005. Id., Exh. CC. Petitioner filed a notice of appeal with regard to this decision on March 16, 2005, id., Exh. DD, but filed no further pleadings with regard to his notice of appeal. Id. at 4.

Petitioner filed his federal habeas action on January 4, 2006.

## II Analysis

### A. Relevant statute of limitations

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires state prisoners to file any petition for federal habeas corpus relief within one year of the date that their state court conviction becomes "final." See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2005) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The federal habeas petition "must be filed within one year of the latest of the date on which ... the judgment became final after the conclusion of direct review or the time passed for seeking direct review ..." Id. The running this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending" in any state court. See id. § 2244(d)(2); see also Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc).

Petitioner did not have any action for post-conviction relief pending in the Arizona state courts for a period of more than one year after his conviction because final and before he filed his federal habeas petition. The statute of limitations ran against Petitioner from November 20, 2003, when the time for seeking review of the Arizona Court of Appeals' decision regarding his action for post-conviction relief by the Arizona Supreme Court expired,[2] until at least January 13, 2005, when Petitioner filed an action for state habeas corpus relief in the Arizona Superior Court, a period of more than one year. However, this latter state court action, filed after the federal habeas statute of limitations expired, could not revive the already-expired time limit for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823

---

[2] Petitioner had thirty days to seek review of this decision by the Arizona Supreme Court and, therefore, the statute of limitations on his federal habeas action was further statutorily tolled during this time. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding). See also Johnson v. McCaughtry, 265 F.3d 559, 563 n.3 (7th Cir. 2001) (declining to decide issue but collecting cases so holding).

(9th Cir. 2003); <u>Preston v. Gibson</u>, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2003); <u>Malcom v. Payne</u>, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case. <u>Gaston</u>, 417 F.3d at 1034.

Petitioner has not established that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. In reply to Respondents' answer to his petition, Petitioner contends that constitutional claims should not be subject to the doctrines of timeliness and exhaustion. Petitioner contends the trial court did not have subject matter jurisdiction to sentence him to an aggravated sentence because he is entitled to have a jury decide each factor contributing to his sentence beyond a

-6-

reasonable doubt.  Docket No. 15 at 3.  Petitioner does not offer any reason why the relevant statute of limitations applicable to his federal habeas action should be equitably tolled.

### III Conclusion

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established that he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action.

**IT IS THEREFORE RECOMMENDED** that Mr. Bechtel's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be

considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 17th day of April, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-8-